## WINSTON JONES *v.* J. H. PIERCE, SR.

**Supreme Court — Verdict — When Set Aside.**
> When the record shows that the jury proceeded upon wrong premises in reaching a verdict, and the verdict rendered is unsupported by the evidence, it will be set aside.[1]

J. H. Pierce, Sr., obtained a judgment in April, 1875, against J. H. Pierce, Jr., & Bros. for $3,221.67, which firm had dealt with Joel W. Jones & Co., commission merchants of Mobile, Ala., from February, 1873, up to January, 1881. Joel W. Jones died,

---

[1]
Where the verdict of a jury is not supported by the evidence in the case, it should be set aside by the court. Barnett *v.* Jayne, 1 Miss. Dec. 65, and cases cited in note 2.

The verdict of a jury will be set aside on consideration of the facts alone if they fail to sustain it. Allen *v.* State, 1 Miss. Dec. 126, and cases cited in note.

A verdict will not be allowed to stand where there is palpable failure of

and the firm was continued by his surviving partners under the style of Jones & Depras, of which firm Winston Jones was a member. July 5, 1880, J. H. Pierce, Sr., filed a suggestion that Jones & Depras were indebted to J. H. Pierce, Jr., & Bros., or had effects belonging to them in their hands, and a writ of garnishment was issued on his judgment and served on Winston Jones. The garnishees answered under oath, denying any indebtedness. This answer was traversed.

On the trial, plaintiff introduced a statement of the account of J. H. Pierce, Jr., & Bros. with Jones & Co., which showed a balance due to Jones & Co. of $226.44, and then introduced William French, a bookkeeper, who' presented an account made up from the account taken from the books of Jones & Co., and restating the same by reducing the interest charges, which showed a balance due J. H. Pierce, Jr., & Bros. of more than $1,200.

On behalf of the garnishees, Winston Jones testified that he was a member of the firm of Joel W. Jones & Co., and the accounts of Pierce & Bros. were regularly made out and presented each year, and no objection was ever raised, but they were accepted as satisfactory; that in the beginning of the years 1873, 1875 and 1876 Jones & Co. took from Pierce & Co. a note and then made advances. The notes taken in 1873 and 1876 bore 10 per cent interest and the other bore 15 per cent interest, and there was nothing due by Jones & Co. to J. H. Pierce, Jr., & Co. The opinion of the court contains a further statement of the facts. From a verdict and judgment for the plaintiff for $668.72, the garnishees appeal.

the proof to sustain it. In such cases a new trial will be granted. Campbell v. State, 1 Miss. Dec. 413, and cases cited in note.

Manifest error in a verdict is sufficient ground for the reversal of the judgment thereon. Walker v. State, 1 Miss. Dec. 431, and cases cited in note.

If the verdict of a jury is contrary to the evidence and the instructions of the court, it should be set aside, and a new trial granted by the court. Turley v. Ingram, 1 Miss. Dec. 452, and cases cited in note 1.

The judgment of a Circuit Court will be reversed on the grounds that the verdict is wrong, when no error of law is complained of, if the evidence is insufficient to support the verdict of the jury. Porter v. State, 1 Miss. Dec. 555, and cases cited in note.

The finding of the trial court on the facts will be presumed to be correct, unless it can be said with certainty to be contrary to the weight of the testimony. Lenoir v. Peoples Bank, 40 So. 5.

APPEALED from Circuit Court, Noxubee county, J. M. ARNOLD, Judge.

Reversed and remanded, November 13, 1882.

*Attorneys for appellant, L. Brame, and F. Johnston.*

*Attorney for appellee, R. G. Rives.*

Brief of L. Brame:

There is no dispute as to the facts in this case. The sole theory of the suit is that the plaintiff is entitled to rip up the settlements between Jones & Co. and Pierce & Bros., and recover from the former alleged usurious interest paid by the latter to them.

1. Conceding the right to maintain the suit, the verdict is not sustained by the evidence. The answer of the garnishee under oath is a positive denial of indebtedness, and, of course, the burden to overturn it was upon the appellee. Presenting an account from the books of Jones & Co. did not accomplish that. It is true, interest is charged on the debit side of the account, but the parties were also credited with interest on all the payments and on the proceeds of the notes when given. This was favorable to Pierce & Co.

There is no law allowing a debtor interest on payments. When a payment is made, if it exceeds the interest due the creditor, the interest is added to the debt and the payment is deducted. If the payment is less than the interest, no notice is taken of it until others are made which exceed the interest. Therefore no interest is allowed on a small payment. This mode of calculating interest on both debits and credits is more just than the lawful rule, but it operates against the creditor. In a long account like the one in this case, the benefit is very great to the debtor. As Pierce & Bros. were benefited and not prejudiced by the manner in which the interest was computed and the account, plaintiff's second instruction should not have been given. The court should have looked alone to the rate of interest stipulated in the notes.

Opposite counsel complains that Jones & Co. charged Pierce & Bros. interest on a note at the rate of 15 per cent per annum that should have been paid by the proceeds of forty-seven bales of

cotton, and that the proceeds of this cotton were held and the parties only credited with interest thereon at 8 per cent. But the testimony shows that the proceeds of this forty-seven bales of cotton were carried to a suspense account at the *special instance* of the defendants, Pierce & Bros., and kept there for the purpose of misleading their creditors. This was also known by J. H. Pierce, Sr., and he participated in that scheme. Certainly Jones & Co. cannot be charged with a failure to apply the proceeds of that cotton to the payment of the note, when, for a purpose of their own, the parties requested that it should not so be applied. And surely the plaintiff is not in an attitude to complain of this.

There were various statements of account made to Pierce & Bros. at different times. These were received and acknowledged as correct, and the business continued upon the assumption that there had been a settlement in each instance. In fact, these were settlements. Of course, the interest account was made up to the time of each settlement, and from that time, after crediting the parties with all payments and interest, the balance due was taken as a new principal. This was correct.

In the statement of account presented by the plaintiff, no attention was paid to these settlements, but interest was calculated on the items of the account throughout. This was manifestly erroneous. By such a mode in the calculations of interest, it would be an easy process for any customer of a merchant or bank to figure out ahead where the transactions have been continued for a considerable length of time.

The certificate of a disinterested counsellor is herewith submitted, showing the true amount due Jones & Co., January 26, 1881, upon a calculation made strictly in accordance with the statute relating to the application of payments in cases of partial payments.

Pierce & Bros. gave three notes—one February 24, 1873; one January 25, 1875, and one February 7, 1876. The note executed in January, 1875, bore 15 per cent interest, as was lawful under the statute then in force. The other notes bore 10 per cent interest.

2. The rate of interest stipulated in the notes being lawful in this State, it is immaterial that they were made payable in Alabama, where the interest would be usurious. Depau *v.* Humphrey,

20 Martin La. (N. S.) 1; Chapman v. Robertson, 6 Paige, 627; Sherman v. Gassett, 9 Ill. (4 Gilm.) 521; Watriss v. Pierce, 34 N. H. 582; Lindsay v. Hill, 66 Maine, 212; Brown v. Freeland, 34 Miss. 181; Rorer on Interstate Law, 48-51.

3. The right to recover usurious interest is a purely personal privilege. Fenno v. Sayre, 3 Ala. 458; Cook v. Dyer, 3 Ala. 643; McGuire v. Van Peth, 55 Ala. 344; Oneil v. Cleveland, 30 N. J. Eq. 273, and cases cited in note.

Judgment creditor of a party who has paid usurious interest cannot take advantage of it. Baskins v. Calhoun, 44 Ala. 582; Carmichael v. Bodfish, 32 Iowa, 418; R. R. Co. v. Kasson, 37 N. Y. 218.

The case in 8 Baxter, Tenn., 337, rests upon a statute.

4. The court will observe that nothing is said in the traverse of the garnishee's answer in relation to excessive or unlawful charges of interest. The plaintiff makes one case in the pleadings and attempts to make another and a different one in the proof. Where usury is relied on it must be plead with great particularity and distinctness. Munter v. Linn, 61 Ala. 492; Bradford v. Davis, 65 Ala. 133; Laid v. Hodges, 26 Ark. 356.

5. In the case of Bond v. Jones, 8 S. & M. 368, it is said in the opinion of the court that money paid by way of usury could be recovered back, but this is a *dictum*. The question in that case was as to whether payments of usurious interest could be applied in discharge of a balance due on the debt. So in the case of Boyers v. Boddie, 3 Hump. Tenn. 666, referred to by Judge Clayton. Where usuary is not a crime, but merely works a forfeiture of interest or an illegal excess, money voluntarily paid cannot be recovered back. Haddon v. Innes, 24 Ill. 381; Tompkins v. Hill, 28 Ill. 519; Many v. Stockton, 34 Ill. 307; Nichols v. Skell, 12 Iowa, 300; Quinn v. Boynton, 40 Iowa, 304; Woolfolk v. Bird, 22 Minn. 341; Smith v. Stoddard, 10 Mich. 148; Williamson v. Cole, 26 Ohio St. 207; Ransom v. Hays, 39 Mo. 445.

6. Usury taken by a party is not subject to garnishment in his hands. Boardman v. Roe, 13 Mass. 104; Barker v. Esty, 19 Vt. 131; Ransom v. Hays, 39 Mo. 445; Drake on Attachment, § 548.

I have been able to find no authority holding the opposite view. This is decisive of the case.

The point raised by opposite counsel that the motion for a new

trial and judgment thereon are certified only in the bill of exceptions, is no avail.    Code 1880, § 1418.

Brief of J. R. Yerger, and Frank Johnston:

This case simply presents two preliminary points for decision, the first being, are the accounts between these two commercial firms "stated?" and, secondly, if they are stated accounts, are they entitled to credits of payments made or legally chargeable upon them since this rendition?

In view of the evidence in this case, I am unable to arrive at the conclusion that these accounts were "stated," there is no evidence upon this fact, and the jury in arriving at the conclusion that the accounts were stated and correct, and that they could not go behind the same for correction, were misled by the first instruction for the garnishees.    The record, while showing the fact that Jones & Co. and Pierce & Bro., were merchants, does not affirmatively show that any account set out in this record or introduced in evidence was ever transmitted from the one firm to the other, or received by the one from the other.    If so, at what date transmitted?    By whom?    And what sum was indicated by the balance?    Or what the several items of debit and credit?

If the court will examine the accounts correct in this case introduced as "stated accounts," they will see that the *ex parte* certificate to them speaks of them as "ten accounts."    The certificate of John E. Haynie the bookkeeper, speaks of them as "ten accounts," "all I could discover from the 22d of February, 1873," etc.

Mr. Winston Jones became a member of the firm of Jones & Co. in *1875*.    His evidence certainly does not show a "stated account" prior to that date; nor does it prove that all or a full account between the parties is exhibited; and the present suit is certainly not a clear explanation of the true status of the accounts between the parties.    *    *    *

Brief of R. G. Rives:

The first and second assignments of error are untenable.    The garnishment was in the nature of final process against the chief defendants, J. H. Pierce & Bro.    It sought to reach the assets of that firm and apply them to the satisfaction *pro tanto* of plaintiff's

judgment. Erwin *v.* Heath, 50 Miss. 795; Martin *v.* Harvey, 54 Miss. 685; Bowen *v.* Bonner, 45 Miss. 12.

The second charge asked by plaintiff below, and given by the court, is certainly correct as a proposition of law. We thought and the court below thought it applicable to the testimony in this cause. It was applicable, for the testimony shows conclusively that Jones & Co. did charge Pierce & Bro. 15 per cent per annum on a note which ought to have been settled by an application of the proceeds of forty-seven bales of cotton, which was really a payment of the note, but which Jones & Co. kept credited to suspense or special account, at 8 per cent; and this seemed to have been their mode: charge Pierce 10 to 15 per cent on his debts and credit him with 8 per cent on his payments.

There was no error in overruling the motion for a new trial. The case presented an exceedingly complicated state of accounts between Jones & Co., on the one side, and J. H. Pierce & Bro. on the other. So complicated that for the better understanding and more satisfactory settlement of the various matters involved, plaintiff below moved a submission to referees. This motion was resisted by plaintiff in error—he desired a jury to pass upon his case, and his desire was granted.

The jury patiently listened to all the testimony, receiving the charges of the court that were certainly as favorable to plaintiff in error as the law would allow, and which indeed in our opinion erred in his favor by refusing in settling the mode of computation of interest, to recognize the distinction between partial payments and set-off, and applying to the case of running accounts between merchants, where sometimes the balance is against one, and sometimes against the other, the same rule of computation of interest as that laid down in the statute to be observed in case of partial payments.

But notwithstanding this error of the court, against plaintiff below, preventing him doubtless from getting so heavy a verdict as he expected, the testimony on the whole case was so overwhelmingly in his favor that the jury, after a long and diligent examination of the voluminous statements of account submitted, and a due consideration of all the evidence, in some of which there appeared to be some slight conflict, returned the verdict. After that, an intelligent circuit judge who had witnessed all the

proceedings of the trial, and had an opportunity of observing the appearance and manner of each witness in testifying, thought that plaintiff in error was not wronged by the verdict and consequently refused to set it aside. Besides, this court cannot look to the motion for a new trial, as neither that motion nor the judgment on it is certified to this court, except through the medium of the bill· of exceptions. * * *

OPINION.—COOPER, J.:

Under the instructions of the court, the jury had but two questions peresented for their decision; one was whether the garnishees had from time to time rendered accounts to the judgment defendants, which had by them been received without objection, thus making the open accounts, accounts stated, which issue the jury evidently found for the plaintiff; and, second, whether upon the accounts as they were rendered by the garnishees, interest being calculated anew and payments being appropriated according to the provisions of our statute, they were indebted to the defendants in execution. The jury found that they were so indebted to the amount for which the judgment appealed from was rendered.

The verdict on the latter question was, we think, clearly against the evidence, which consisted only of the accounts, the testimony of an accountant as to the correctness of a calculation made by him, and the undisputed fact that as to parts of the accounts the rate of interest was regulated by written contracts between the garnishees and the defendants. These written contracts were promissory notes executed at different times by the defendants, two of which bore interest at the rate of 10 per cent, and one at 15 per cent per annum. The one bearing 15 per cent was executed at a time when we had no usury laws, and when any rate agreed on might be lawfully contracted for.

The accounts were long, extending through a number of years, and it is apparent that it would have required several days of constant labor for each member of the jury to make the calculations necessary to reach the verdict; the jury, therefore, as was natural, were governed by the testimony of the accountant, more than by the account itself.

The garnishees claimed that there was a balance due them by the defendants, while the testimony of French, the accountant for the

plaintiff, was that they were indebted to the defendant in about the sum of $1,200 on the 21st day of January, 1881. The verdict was rendered on the 22d day of February, 1882, and was for $668.72.

As there was no evidence by any witness that this sum or any approximate amount was due from the garnishees to the defendants, the verdict is suggestive of the fact that the jury divided the amount testified to be due by the witness French, by two, and upon the result calculated the interest for the time elapsed from January 21, 1881, to the day of the trial, at 10 per cent, and for this amount gave their verdict. Such a theory much more nearly account for the verdict than does that the jury were guided by the oral testimony, for if they believed the witness French, their verdict ought to have been for some amount approximating $1,200. And, if on the other hand, they were governed by the evidence for the garnishees, they ought to have found a verdict for them. However, this may have been, we are satisfied that the verdict is unsupported by the evidence.

An amount purporting to include all the items of debt and credit with interest calculated and payments appropriated in accordance with our statute and the instructions of the court below, has been filed in this court, and is certified to be correct by disinterested counsel. By this account it appears that the judgment defendants are still indebted to the garnishees in a considerable sum. We have not verified all the calculations of interest by computation, but an examination as particular and minute as our time has permitted, has been made, and we are satisfied that it is correct. If counsel for the appellee shall be able to discover any error in this account, we shall be ready to examine any suggestion of error he may make, and will refer the account to our clerk as a commissioner to re-state or verify it. We would have adopted this course before a decision of the cause, but for the accumulation of costs which would follow, and as we think, without changing the result.

*The judgment is reversed, and a new trial awarded.*